**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

PHL Variable Insurance Company,

Plaintiff,

v.

Bank of Utah, as Securities Intermediary,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 12-1256 ADM/JJK

---

Shannon A. Lang, Esq., Jarrett E. Ganer, Esq., and Thomas F. A. Hetherington, Esq., Edison McDowell & Hetherington LLP, Houston, Texas; and Adam A. Gillette, Esq., and Douglas L. Elsass, Esq., Fruth Jamison & Elsass PA, Minneapolis, MN, on behalf of Plaintiff.

Stephen G. Foresta, Esq., Khai Lequang, Esq., Melanie D. Phillips, Esq., and Philipp Smaylovsky, Esq., Orrick, Herrington & Sutcliffe LLP, New York, NY and Los Angeles, CA; and, Tim P. Griffin, Esq., Leonard Street and Deinard, PA, Minneapolis, MN, on behalf of Defendant.

---

## I. INTRODUCTION

On September 20, 2012, the undersigned United States District Judge heard oral argument on Plaintiff PHL Variable Ins. Co.'s ("PHL") Motion to Partially Dismiss [Docket No. 11] Defendant's Counterclaims [Docket No. 8]. Defendant Bank of Utah's Counterclaim asserts four causes of action: 1) breach of contract; 2) unjust enrichment; 3) violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. §§ 42-110a, et seq.; and, 4) violation of the Connecticut Unfair Insurance Practices Act (CUIPA), Conn. Gen. Stat. §§ 38a-815, et seq. The Partial Motion to Dismiss seeks dismissal of the Third and Fourth causes of action. For the reasons discussed below, PHL's Motion to Partially Dismiss is granted.

## II. BACKGROUND[1]

PHL's Complaint [Docket No. 1] requests declaratory relief from an obligation to pay an insurance policy death benefit to the policy beneficiaries. Complaint at ¶1. PHL claims that the policy of Mr. William Close is a Stranger Originated Life Insurance (STOLI) policy that violates insurable interest laws. Id. at ¶¶10-11. Mr. Close died on November 18, 2011. Id. at ¶28. PHL has not paid the beneficiaries.

On or about January 15, 2010, the ownership of the Policy was formally transferred to New Stream Insurance, LLC. Id. at ¶27. The Defendant, Bank of Utah became the securities intermediary for the beneficiaries on May 27, 2010. Bank of Utah has alleged in its counterclaims that PHL is trying to avoid or delay paying a legitimate claim. Counterclaim at 12 ¶4. The violation of CUTPA is based on Bank of Utah's claim that

> Plaintiff, [PHL,] as part of its general claims handling practices, has: (i) made misrepresentations regarding the facts relating to coverage under the Policy and other policies, including claiming that there were issues regarding the application for insurance and the existence of an insurable interest, where it knew there were no such issues; (ii) failed to act with reasonable promptness upon communications regarding the Policy and other policies; (iii) failed to adopt and implement reasonable standards for the prompt investigation of claims brought under the Policy and other policies; (iv) refused to pay unquestionably valid claims without conducting a reasonable investigation and despite available information establishing the validity of such claims; (v) failed to affirm or deny coverage of claims within a reasonable time; and (vi) failed to promptly provide a reasonable explanation of the basis for denial of a claim.

Id. at 23 ¶4. The claim of violation of CUIPA repeats same language. Id. at 24–25 ¶13.

This case is venued in District of Minnesota because the Close Policy was issued in

---

[1] In considering Plaintiff's Motion to Partially Dismiss, the Court considers the facts alleged in Defendant's Counterclaim to be true. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

Minnesota and is governed by Minnesota law. Complaint ¶8. PHL and Bank of Utah are citizens of different states, and the amount in controversy exceeds $75,000. Id. at ¶6. The counterclaims at issue in this Motion to Partially Dismiss, however, are Connecticut law claims against PHL, whose principal place of business is Connecticut. Counterclaim 15 ¶¶8, 12.

## III. DISCUSSION

### A. Motion to Dismiss Standard

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880.

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the [counterclaimant] pleads factual content that allows the court to draw a reasonable inference that the [plaintiff] is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is

entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).[2]

**B. Analysis**

Bank of Utah has asserted CUTPA and CUIPA claims in an effort to broaden discovery into PHL's claim settlement practices. Bank of Utah's Counterclaim has alleged a specific breach of contract and an unjust enrichment claim relating to the insurance policy of Mr. Close, but Bank of Utah further alleges that PHL has a general policy of denying claims.

**1. CUTPA through CUIPA Claim**

A claim for relief can be made under CUTPA alleging a breach of CUIPA. Mead v. Burns, 509 A.2d 11, 18 (Conn. 1986). CUTPA, which prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce, creates a private right of action. Conn. Gen. Stat. § 42-110g. A party is entitled to bring a claim under CUTPA alleging a violation of CUIPA, but the claim is not proper unless the alleged unfair practice actually violates the terms CUIPA. Martin v. Am. Equity Ins. Co., 185 F. Supp. 2d 162, 168 (D. Conn. 2002). A CUIPA violation under Conn. Gen. Stat. §38a-816(6) requires a showing of unfair settlement practices "with such frequency as to indicate a general business practice." O'Neill v. Riversource Life Ins. Co., No. 3:10-CV-898, 2010 US. Dist. LEXIS 103030, at *8 (D. Conn. Sept. 29, 2010) (citing Lees v. Middlesex Ins. Co., 643 A.2d 1282, 1285 (Conn. 1994)). The Connecticut Supreme Court has determined that the statute's "frequency" and "general business practice" language requires the court to find, as a threshold matter, facts supporting more than one instance of unfair

[2] Courts using the federal plausibility standard may run into an Erie doctrine issue, but Connecticut has a more stringent fact pleading standard. Bethany L. DiMarzio, "Standards for Pleading a Claim under CUIPA," 18 Conn. Ins. L.J. 559, 580-581 (Spring 2012). If a pleading party does not satisfy the plausibility standard, then the party will not satisfy the Connecticut fact pleading standard either.

claims treatment. Mead, 509 A.2d at 19 (recognizing "the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention"). A claimed violation of CUTPA through CUIPA must present facts showing a policy of unfair claims settlement.

In this case, Bank of Utah makes broad allegations that do not reach the plausibility showing required of a CUTPA/CUIPA claim. Bank of Utah's counterclaim echoes the language of Con. Gen. Stat. §38a-816(6).

| Gen. Stat. §38a-816(6) | Counterclaim |
| --- | --- |
| "Committing or performing with such frequency as to indicate a general business practice any of the following: (a) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue; (b) failing to acknowledge and act with reasonable promptness upon communications with respect to claims arising under insurance policies; (c) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (d) refusing to pay claims without conducting a reasonable investigation based upon all available information; (e) failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; (f) not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear. . . ." | ". . . as part of its general claims handling practices, has: (i) made misrepresentations regarding the facts relating to coverage under the Policy and other policies, including claiming that there were issues regarding the application for insurance and the existence of an insurable interest, where it knew there were no such issues; (ii) failed to act with reasonable promptness upon communications regarding the Policy and other policies; (iii) failed to adopt and implement reasonable standards for the prompt investigation of claims brought under the Policy and other policies; (iv) refused to pay unquestionably valid claims without conducting a reasonable investigation and despite available information establishing the validity of such claims; (v) failed to affirm or deny coverage of claims within a reasonable time; and (vi) failed to promptly provide a reasonable explanation of the basis for denial of a claim." |

In an attempt to establish the necessary "general business practice" claim Bank of Utah adds the language "the Policy and other policies." Bank of Utah's Counterclaim [Docket No. 8] provides

the factual allegations surrounding the Close Policy, but provides no facts supporting "the other policies" language. The empty recital of an element of CUIPA claims, unsupported by facts leads to dismissal because "[]where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" Iqbal, 556 US at 679. Bank of Utah pleads "upon information and belief" that PHL has "adopted a strategy" and "as part of a general business strategy" has denied Mr. Close's policy. Counterclaim 13 ¶¶4, 5. Similarly, the Connecticut District Court dismissed a plaintiff's CUIPA claim, stating that "[w]hile pleading 'upon information and belief' is permitted, [plaintiff] is obligated to do more than recite the elements of the cause of action." O'Neill, 2010 LEXIS 103030, at *8 (D. Conn. Sept. 29, 2010). The O'Neill Court properly found that this simple recital of magic words failed to save a claim, which was "conclusory and lacks a factual basis from which the court can identify a plausible CUIPA/CUTPA claim." Id. Bank of Utah has failed to plead any facts with regard to "other policies."

In its Memorandum in Opposition to PHL's Motion to Partially Dismiss, Bank of Utah attempts to bolster its counterclaims. Id. at 7. Bank of Utah alleges, "[Plaintiff]'s unfair claims handling practices are the subject of dozens of lawsuits . . . filed by other policy owners." Id. In 2011, the United States District Court of Connecticut dismissed a CUTPA/CUIPA claim in Hawkeye, LLC v. Zurich Am. Ins. Co., No. 3:10-CV-899, 2011 U.S. Dist. LEXIS 32994, at *4 (D. Conn. March 28, 2011). The court reported, "In support of its claim, Hawkeye cite[d] to eight cases filed against Zurich . . . which Hawkeye alleges indicate a general business practice of unfair claims settlement behavior." However, the court found that Hawkeye failed to connect its citations to any findings of wrongdoing. Id. at 4-5. Bank of Utah has similarly failed to

connect its citations to any findings of wrongdoing.[3]

**2. CUIPA Stand Alone Claim**

The Second Circuit has found no private cause of action exists under CUIPA alone. Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101, 118 (2d Cir. 2001). The Connecticut Supreme Court has not directly decided this issue. The United States District Court of Connecticut has extensively reviewed the history of lower Connecticut court cases and have found them split as to whether CUIPA provides a private cause of action, see W. World Ins. Co. v. Architectural Builders of Westport, LLC, 520 F. Supp. 2d 408, 411 (D. Conn. 2007), but the majority of courts find there is no private right of action under CUIPA. DiMarzio at 565-66. "CUIPA claims are handled by the Connecticut Insurance Department, and the Act gives the Commissioner of Insurance broad discretion to investigate potential unfair practices and to enforce its provisions." Id. at 564 (citing Martin, 185 F. Supp. 2d at 166). The legislature intended for the Commissioner to regulate under CUIPA as opposed to allowing private citizens to sue insurance companies directly.

Bank of Utah does not have a cognizable stand alone claim under CUIPA. Nonetheless, all the CUIPA arguments are thoroughly addressed above in the CUTPA through CUIPA claim. Since a valid CUTPA claim requires proof of a violation of the terms of CUIPA, the stand alone claim is covered by the Court's analysis of Bank of Utah's CUTPA claim.

---

[3] Bank of Utah requests the court take judicial notice of a Wall Street Journal article that reports PHL's higher than average claim denials. Mem. in Opp'n [Docket No. 17] at 9. Even with judicial notice the article does not save Bank of Utah's counterclaim because the court will not speculate on the many reasons PHL might have for a higher than average claim denial history.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion [Docket No. 11] to Partially Dismiss Defendant's Counterclaims is **GRANTED**;

1. Counterclaimant Bank of Utah's Third Cause of Action for Violation of Connecticut Unfair Trade Practices Act is DISMISSED; and,

2. Counterclaimant Bank of Utah's Fourth Cause of Action for Violation of Connecticut Unfair Insurance Practices Act is DISMISSED.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 10, 2012.